IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL GILBREATH,

                Petitioner,

v.                                                 ORDER

DAN WINKLESKI,                                  19-cv-728-jdp

                Respondent.

---

On August 4, 2020, I granted petitioner Michael Gilbreath's petition for a writ of habeas corpus and ordered that the state had 120 days to either release Gilbreath or initiate proceedings to retry him. The state has appealed and has filed a motion under Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure to stay the judgment pending resolution of the appeal. Dkt. 24. The state argues that it has a strong likelihood of success on its appeal and that initiating a criminal trial in state court would be a waste of resources. Gilbreath opposes the motion, arguing that he should be released immediately because he does not present a risk to the public, he is not a flight risk, and the state is likely to lose its appeal.

When a petitioner has been granted habeas relief, there is a presumption that he should be released pending appeal. *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009). But the state can overcome the presumption by showing that: (1) the state has a strong likelihood of success on the merits of the appeal; (2) the state will be irreparably injured absent a stay; (3) a stay will not substantially injure other interested parties; and (4) the public interest favors a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Other factors that may be relevant include the possibility of flight, the risk of danger to the public, the state's interest in continuing custody and rehabilitation, and the time left to be served on the sentence. *Id.* at 777.

These factors favor staying the judgment in this case. Two Wisconsin courts agreed with the state's arguments regarding the merits of this case, so the state has at least some likelihood of success on its appeal. Requiring the state to initiate a new criminal trial while the appeal is still pending potentially would be a waste of state and judicial resources. A stay will not injure other interested parties. And, although I concluded that Gilbreath's trial was unfair, I did not conclude that Gilbreath was innocent of the serious crimes of which he is accused. The state and public have an interest in the continuing custody of Gilbreath until his criminal case can be brought before a state court judge to be rescheduled.

Finally, although Gilbreath does not appear to be a flight risk and has only three-and-half years of confinement remaining on his sentence, these factors are less persuasive in this case because the state has indicated that it intends to retry Gilbreath if the Seventh Circuit affirms this court's decision. In other words, if I deny the motion to stay, the state would not likely release Gilbreath immediately, but instead would initiate his retrial in state court. The state court would then decide whether Gilbreath should be released pending a new trial.

For all of these reasons, I will grant the state's motion. The judgment will be stayed pending the outcome of the state's appeal.

ORDER

IT IS ORDERED that the State of Wisconsin's motion to stay judgment pending the outcome of its appeal, Dkt. 24, is GRANTED.

Entered November 17, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge